UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-62460-CV-DIMITROULEAS

ASDRUBAL JOSE ORTIZ CABANA,

Petitioner,

v.

MARKWAYNE MULLIN , SECRETARY,
U.S. DEPARTMENT OF HOMELAND
SECURITY (DHS); ET AL.,

Respondents.
_________________________________/

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court on Petitioner ASDRUBAL JOSE ORTIZ CABANA ("Petitioner")'s Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [DE 1], filed September 4, 2026. The Court has considered the Petition [DE 1], Respondents' Response [DE 7], Petitioner's Reply [DE 8] and is otherwise fully advised in the premises.

This case does not involve the heavily litigated issue of whether Petitioner is subject to mandatory detention under § 1225 as an application for admission. *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026). Respondents acknowledge that Petitioner's detention is governed by 8 U.S.C. § 1226(a) and that Petitioner is therefore entitled to an individualized bond hearing before an immigration judge. *See* [DE 7 at p. 3]. However, Petitioner has not sought an individualized bond hearing under § 1226(a) before an immigration judge. *See* [DE 7-7 ¶ 12] ("To date, Petitioner has not requested a custody redetermination hearing before the Immigration Court."); [DE 8 at p. 4] (confirming same).

Rather, in the Petition, Petitioner challenges the legality of his arrest and his continued detention on the grounds that Petitioner was arrested before the warrant, notice to appear, and commencement of removal proceedings. Petitioner contends that the Court should grant habeas relief on the grounds that Petitioner's present confinement in immigration detention flows from an unauthorized arrest. As explained below, the Court rejects that claim.

Section 1226(a) provides that, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained" pending a decision regarding removal. 8 U.S.C. § 1226(a). Federal regulations further provide that a noncitizen "may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest" only at "the time of issuance of the notice to appear, or any time thereafter and up to the time removal proceedings are completed." 8 C.F.R. § 236.1(b)(1). An exception for a warrantless immigration arrest exists, but it is only authorized where the officer has reason to believe that the person is present in violation of immigration law and "is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2); see also 8 C.F.R. § 287.8(c)(2)(ii).

Based on the facts in the record, Petitioner was arrested on September 2, 2026, approximately one (1) day before the issuance of the Form I-200 Warrant, dated September 3, 2026, and approximately two (2) days before the issuance of a Notice to Appear (NTA) from the Department of Homeland Security (DHS), dated September 4, 2026, charging him as removable from the United States pursuant to 8 U.S.C. § 1227(a)(1)(B), in that after admission as a nonimmigrant he has remained in the United States for a time longer than permitted, in violation of the Immigration and Nationality Act or any other law of the United States.

Even if Petitioner's initial arrest was unlawful as the I-200 Warrant was not issued until the day after Petitioner's arrest, the Court does not find that the defect would necessarily entitle

him to release, where, as here, Petitioner remains subject to the September 4, 2026 NTA, is not subject to a final order of removal, and is subject to immigration detention under § 1226(a) pending the completion of his removal proceedings.

It appears that there are no appellate decisions on point as to this issue, but opposing district court opinions reach different results under similar fact patterns to this case. Having considered the district courts' analysis and conclusions in these cases, and recognizing that the Court is taking what is presently the minority position, this Court agrees with the reasoning set forth in *Salcido Mendez v. Secretary of Homeland Security et a*l., No. 5:26-CV-03145-SB-AJR, 2026 WL 2138133, at *2 (C.D. Cal. July 17, 2026), which held that an immigration arrest prior to the issue of an I-200 Warrant does not entitle a petitioner to the remedy of release:

> Petitioner has not shown that, even if his initial warrantless arrest was unlawful, the defect would entitle him to release. The object of the writ of habeas corpus "is to ascertain whether the prisoner can lawfully be detained in custody," *United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923), and the "body" of a civil detainee "is never itself suppressible as fruit of an unlawful arrest," *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984). *See Bilokumsky*, 263 U.S. at 158 (explaining that if a sufficient ground for detention is shown, a petitioner "is not to be discharged for defects in the original arrest or commitment"). Petitioner does not meaningfully dispute the government's authority to detain him pending removal proceedings, and he does not address the government's argument that release is not a proper remedy for a defective arrest. His claims arising from his warrantless arrest therefore fail to the extent he seeks release. *See id.; see also Sormunen v. Nagle*, 59 F.2d 398, 398–99 (9th Cir. 1932) (holding that a detainee's contention that he was taken into custody without a warrant was "immaterial" in a petition for writ of habeas corpus where the detainee was lawfully subject to detention under the relevant immigration statute); *U.S. ex rel. Pantano v. Corsi*, 65 F.2d 322, 323 (2d Cir. 1933) (holding that an irregularity in the arrest—as distinct from the lawfulness of the detention itself—did not warrant release because the proper habeas remedy would be to give the government an opportunity to cure the defect); *Urias v. Warden-Facility Adm'r*, No. 5:26-CV-01972-JWH, 2026 WL 1419045, at *1 (C.D. Cal. May 20, 2026) (rejecting the claim that release is the proper remedy for a warrantless arrest). Therefore, Petitioner has not shown that he is entitled to release based on any alleged defect in the arrest process.

*Salcido Mendez*, 2026 WL 2138133, at *2. The Court notes that it might reach a different conclusion if the warrant was not issued until weeks after the arrest, or not issued at all. The Court does not pass on whether a *Bivens* action might lie against the arresting agents. Finally, an illegal arrest can result in suppression of evidence and the fruits of that illegality, it does not result in suppression of the identity of the petitioner. *See, I.N.S. v. Lopez-Medina,* 468 US 1033, 1040 (1984).

To the extent that Petitioner alternatively requests that the Court order an individualized bond hearing before an Immigration Judge pursuant to § 1226(a), it appears that Petitioner is entitled to a bond hearing under § 1226(a)[1], but Petitioner must first request a bond hearing from an Immigration Judge and be improperly denied a hearing prior to seeking such relief here in an habeas petition. Petitioner may renew his petition upon a showing that he has requested an individualized bond hearing from an Immigration Judge pursuant to § 1226(a) and been improperly denied a hearing.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for a Writ of Habeas Corpus **[DE 1]** is **DENIED**.
2. The Clerk shall **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 11th day of September, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:

Counsel of record

[1] Respondents concede as much in their Response. *See* [DE 7] at p. 3.